IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

| | | |
|---|---|---|
| True Value Company, LLC, et al. | ) | |
| Plaintiffs, | ) | Case No. 20 C 50083 |
| vs. | ) | |
| International Hardware Supplies, LLC, et al., | ) | Judge Philip G. Reinhard |
| Defendants. | ) | |

# ORDER

For the reasons stated below, this case is remanded forthwith to the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois.

# STATEMENT

Defendants' amended jurisdictional statement [23] asserts the court has subject matter jurisdiction over this action, despite defendants' failure to identify the citizenship of each member of ACON TV Investors, L.L.C. (ACON"), which is one of the members of TV Holdco, L.L.C, which is the sole member of TV Holdco I, L.L.C., which is the sole member of TV Holdco II, L.L.C., which is the sole member of plaintiff True Value Company, L.L.C.[1] They argue jurisdiction is proper because defendants are both citizens of Venezuela and, therefore, "regardless of the unknown identities of ACON TV Investors, L.L.C. members, alienage jurisdiction is constitutionally permissible as long as there is at least one alien party and at least one state or citizen of a state opposing the alien."

Whether it is constitutionally permissible to confer federal court jurisdiction where there is at least one alien party and at least one state or citizen of a state opposing the alien, is a different question than whether a federal statute actually confers federal court jurisdiction under those circumstances. In fact, federal jurisdiction is conferred in some circumstances where there is an alien party on one side and citizens of a state on the other but not in all such circumstances.

28 U.S.C. § 1332(a)(2) confers jurisdiction on suits between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(3) confers jurisdiction on suits between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." However, "courts have rejected jurisdiction in suits where one side of the litigation had only foreign parties and the other had a mixture of foreign and domestic parties because such a case does not fit within any of the statute's pigeonholes." Karazanos v. Madison Two Associates, 147 F.3d 624, 627 (7th Cir. 1998) (quotation marks and citation omitted).

---

[1] The other plaintiff is TV Cooperative Company, a Delaware corporation with its principal place of business in Illinois. Dkt # 23, p. 2.

      While suits with foreigners on both sides are permitted by section 1332(a)(3), where the prerequisite of having diverse U.S. citizens on both sides is met, nothing in section 1332(a) confers subject matter jurisdiction where one side has no U.S. citizens on it -- only foreigners and the other side has a mix of U.S. citizens and foreigners.  This is because, without U.S. citizens on both sides, the case is taken out of section 1332(a)(3), <u>Allendale Mutual Ins. Co. v. Bull Data Systems, Inc.</u>, 10 F.3d 425, 428 (7th Cir. 1993),  and when section 1332(a)(2) "is read in light of (a)(3), [it] does not permit a suit between foreigners and a mixture of citizens and foreigners." <u>Id.</u>  Thus, defendants are wrong when they argue that "regardless of the unknown citizenships of ACON's members, whether domestic or foreign, they would not destroy diversity in this case in either scenario."  If any member of ACON is a foreigner, jurisdiction would not exist because there would be a mixture of domestic and foreign parties on the plaintiffs' side and only foreign parties on the defendants' side.

      The cases cited by defendant do not alter this analysis.  <u>Verlinden B.V. v. Central Bank of Nigeria</u>, 461 U.S. 480, 492 n.18 (1983) notes that Article III of the Constitution requires only minimal diversity, but this does not address the application of the text of section 1332(a) to the circumstances of this case. What Congress did, not what the Constitution would allow Congress to do, is what matters.  Likewise, <u>Arai v. Tachibana</u>, 778 F. Supp. 1535, 1538 (D. Hawaii) simply observes that "alienage jurisdiction is constitutionally permissible as long as there is at least one alien party and at least one state or citizen of a state opposing it."  It does not address the application of the text of section 1332(a) to the circumstances of this case.

      The identity and citizenship of the members of ACON are essential to determining whether the court has subject matter jurisdiction in this case.  Defendants have not provided this essential information and thus have failed adequately to allege subject matter jurisdiction under 28 U.S.C. § 1332(a).  This case must be remanded for lack of subject matter jurisdiction.

      For the foregoing reasons, this case is remanded forthwith to the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois.

Date: 8/25/2020        ENTER:

_Philip G. Reinhard_
United States District Court Judge

Electronic Notices. (LC)