**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| TRUE VALUE COMPANY, L.L.C. and, ) <br> T.V. COOPERATIVE COMPANY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> INTERNATIONAL HARDWARE ) <br> SUPPLIES, LLC d/b/a TRUE VALUE OF ) <br> BROWARD and JOSE ZAMBRANO ) <br> ) <br> Defendants. | Case No. 20-cv-50083 <br><br> Judge Philip G. Reinhard |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiffs, TRUE VALUE COMPANY, L.L.C. and T.V. COOPERATIVE COMPANY (collectively, "True Value"), submit their response to Defendants International Hardware Supplies, LLC d/b/a True Value of Broward and Jose Zambrano's (collectively, "Defendants") Motion for Reconsideration (the "Motion").

**INTRODUCTION**

Defendants' Motion should be dismissed because this Court's remand order is not reviewable under 28 U.S.C. § 1447(d) since it was issued for lack of subject matter jurisdiction. Alternatively, if this Court decides to review its remand order, the Motion should be denied because additional jurisdictional discovery imposes an undue burden on True Value, as it does not possess, nor can it obtain the information sought by Defendants. Furthermore, it is Defendants' burden, not True Value's, to establish subject matter jurisdiction. Moreover, Defendants' claim of alienage jurisdiction is highly suspect since they are Florida citizens and it is possible that ACON TV Investors, LLC ("ACON") also has Florida members, which destroys any diversity claims Defendants seek to establish.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On December 5, 2019, True Value filed this breach of contract action in the Circuit Court of the 22nd Judicial Circuit, McHenry County ("McHenry County") where True Value's Harvard regional distribution center is located. On March 3, 2020, Defendants removed this case to the United States District Court for the Northern District of Illinois, Western Division on the basis of diversity of citizenship. The Court permitted Defendants to conduct jurisdictional discovery to establish subject matter jurisdiction based on diversity of citizenship. True Value responded to Defendants' jurisdictional discovery and produced documents within its custody and control. Subsequently, Defendants filed an Amended Jurisdictional Statement, but this Court remanded the case to McHenry County on August 25, 2020, holding that Defendants failed to satisfy their burden and establish that subject matter jurisdiction exists. Defendants moved for reconsideration on September 8, 2020.

## LEGAL STANDARD

It is well established that the burden of establishing proper federal subject matter jurisdiction rests on the party asserting it – here, Defendants. *Muscarello v. Ogle Cty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010); *see also*, *Garbe Iron Works, Inc. v. Turner Const. Co.*, 1992 WL 106816, at 1 (N.D. Ill. 1992), *citing Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976) ("[i]t is well established that the burden is on the party seeking to remove, to establish his right, and the case should be remanded if there is doubt as to the right of removal in the first instance"). Because jurisdictional discovery takes place prior to a determination that the court actually has jurisdiction over this dispute, it is particularly important that courts "not impose undue burdens on a party who may not even be subject to the court's

power." S.I. Strong, JURISDICTIONAL DISCOVERY IN UNITED STATES FEDERAL COURTS, 67 Wash. & Lee L. Rev. 489, 492 (2010).

Moreover, post-removal procedure is governed by 28 U.S.C. § 1447(d), which provides in part: "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise..." Section 1447(d)'s "or otherwise" provision has been held to encompass a court's reconsideration of its own remand order. *Consolidated Doors, Inc. v. Mid-America Door Co.*, 120 F. Supp. 2d 759, 765 (E. D. Wis. 2000). Though seemingly broad, only remand orders issued for lack of subject matter jurisdiction and defects in removal procedure are immune from review. *Foster v. Hill* 495 F. 3d 695, 697 (7th Cir. 2007) ("[i]t is settled law that § 1447(d) applies only to the reasons for remand that are enumerated in § 1447(c)…[and] the reasons for remand that are enumerated in § 1447(c) are defects in removal procedure and lack of subject matter jurisdiction"); *see also State Bd. of Elections ex rel. Sherman v. Martin*, 2010 WL 3516179 at 1 (N.D. Ill. 2010) (where the Court declined to vacate a remand order because the case was remanded for lack of subject matter jurisdiction); and *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir. 2004) (where the Court held it lacked jurisdiction to review the remand order because it was based on a lack of subject matter jurisdiction).

## ARGUMENT

### I. This Court's August 25, 2020 Remand Order is Not Reviewable.

The reasoning behind Section 1447(d)'s prohibition of review of remand orders based on lack of subject matter jurisdiction goes to a respect for state courts and principles of comity. *Consolidated Doors, Inc.*, 120 F. Supp. 2d at 765. Reversing a remand order, whether on reconsideration or on appeal, would require the federal court to intrude upon the operation of a

branch of state government. *Id*. This is particularly true where the state court has already received a certified copy of the remand order. *Id*.

The remand opinion issued by this Court on August 25, 2020 clearly states that "[t]his case must be remanded for lack of subject matter jurisdiction." [Dkt. No. 24 at p. 2.] Since the remand was based on a lack of subject matter jurisdiction, it is not reviewable on reconsideration. 28 U.S.C. § 1447(d); *Foster v. Hill* 495 F. 3d at 697; *State Bd. of Elections ex rel. Sherman*, 2010 WL 3516179 at 1; *Schexnayder*, 394 F.3d at 283; and *Consolidated Doors, Inc.*, 120 F. Supp. 2d at 765. Furthermore, the McHenry County court has already received a certified copy of the remand order [Dkt. No. 25], and held status conference(s) for this case. Thus, a reconsideration of the order would constitute an intrusion upon the operation of a branch of state government. *Consolidated Doors, Inc.*, 120 F. Supp. 2d at 765. Consequently, Defendants' Motion for Reconsideration of the remand order should be dismissed.

## II. Additional Jurisdictional Discovery Would Impose an Undue Burden on True Value and Is Unwarranted in These Circumstances.

Alternatively, should this Court decide to review its remand order, the Motion should be denied because True Value does not possess the information sought by Defendants and additional jurisdictional discovery is neither justified nor warranted here.

Federal courts are courts of limited jurisdiction, and they are expected to monitor their jurisdictional boundaries vigilantly and to guard carefully against expansion by judicial interpretation. *Rowell v. Franconia Minerals Corp.*, 706 F. Supp. 2d 891, 892 (N.D. Ill. 2010). The burden of establishing subject matter jurisdiction rests on the party asserting it. *Muscarello*, 610 F.3d at 425 and *Garbe Iron Works, Inc.*, 1992 WL 106816, at 1. If a litigant cannot find a definitive basis for alleging the citizenship of each party, then the case belongs in state court.

4

*United States Liability Insurance Company v. M Remodeling Corp.*, 444 F.Supp.3d 408, 411 (E.D. NY 2020).

This case is a routine breach of contract action for outstanding debt owed by Defendants pursuant to a contractual agreement – the kind of case that is litigated in state courts every day. Defendants will not be deprived of due process or any other fundamental right by litigating this case in state court. *See United States Liability Insurance Company*, 444 F.Supp.3d at 411 (holding that there is no violation of any fundamental right to the removing party who has to have its property damage claim determined in state court because it is the kind of routine claim determined in state courts every day). Despite the routine nature of this case, Defendants want to go on a fishing expedition at True Value's expense to establish what is their own burden to carry. *See* <u>NL Indus., Inc. v. OneBeacon Am. Ins. Co.,</u> 435 F. Supp. 2d 558, 566 (N.D. Tex. 2006) ("the party removing to federal court should not seek to have its opponent carry the day"); *see also* <u>Purdue Research Found. v. Sanofi-Synthelabo, S.A.,</u> 338 F.3d 773, 782 (7th Cir. 2003) ("it is by now well-settled that the party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exists, and the burden may not be shifted to the party challenging the jurisdiction"); *Muscarello*, 610 F.3d at 425; and *Garbe Iron Works, Inc.*, 1992 WL 106816, at 1, *supra*.

As demonstrated by its responses to Defendants' jurisdictional discovery, True Value provided all documents within its custody and control in response to Defendants' requests. True Value has not refused to divulge the information. Rather, True Value has no control over ACON (a separate and distinct third-party entity), cannot force ACON to disclose its members' citizenships, and, contrary to Defendants' unsupported conjectures, does not otherwise know, nor have within its possession, information about ACON's members' citizenships. Such citizenships

are not independently verifiable by True Value and are not "within the ken," as Defendants put it, of True Value's officers. And unlike *Burlington Ins. Co. v. MC&O Masonry* (cited by the Defendants), where jurisdictional discovery had not been conducted at all, this Court has already permitted jurisdictional discovery on this issue and True Value has already provided the information it does have. 2018 WL 3321427 (E.D.N.Y. 2018). There is no basis to overrule True Value's objections or conclude that this information is "more accessible and less costly" to True Value, as Defendants claim. *See NL Indus., Inc.,* 435 F. Supp. 2d at 566 (denying jurisdictional discovery because "imposition of jurisdictional discovery places an undue and unnecessary burden on the parties when the proponent of such discovery only supports the request by conjecture, speculation, or suggestion"). To grant Defendant's Motion would impose an undue burden on True Value, and particularly on ACON – a non-party to this action and the contracts at issue – at a time when it isn't even clear that True Value is subject to the jurisdiction this Court. *See* S.I. Strong, Jurisdictional Discovery in United States Federal Courts, 67 Wash. & Lee L. Rev. at 492.

Moreover, Defendants' claim of alienage jurisdiction is spurious to say the least. Both Defendants are Florida citizens and were served with the Complaint in Florida. Since it is possible that ACON possesses members who are also Florida citizens, diversity of citizenship could very well be non-existent. Additionally, Defendants' argument – that judicial economy would not be served by a re-removal if discovery in state court discloses that ACON has no foreign members – fails because ACON is not a party to the contracts at issue, and information regarding its members would not be discoverable in a breach of contract action to which it is not a party or beneficiary. *See Marque Medicos Farnsworth, LLC v. Liberty Mut. Ins. Co.,* 2018 IL App (1st) 163351, ¶ 12 ("[t]here is a strong presumption against conferring contractual benefits on non-

contracting third parties.") And unlike *Benson v. SI Handling Sys., Inc.* cited by Defendants, this Motion does not constitute a successive removal notice justified by new evidence or a change in circumstance establishing subject matter jurisdiction. 188 F.3d 780, 781 (7th Cir. 1999).

As it stands, Defendants have failed to satisfy their burden of establishing subject matter jurisdiction. And, there is no justification for making True Value incur the expense of additional jurisdictional discovery when it is not True Value's burden and the McHenry County court is a perfectly capable venue to litigate this matter. *See United States Liability Insurance Company*, 444 F.Supp.3d at 411. Therefore, this case should remain remanded and the Court should deny Defendants' Motion.

## **CONCLUSION**

For the foregoing reasons, True Value respectfully requests that the Court dismiss and/or deny Defendants' Motion for Reconsideration.

Dated: October 6, 2020

Respectfully submitted,

*/s/ Salvador Carranza*

Salvador Carranza
ELEVATENEXT LAW
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
(312) 676-5460 - Telephone
(312) 676-5499 - Facsimile
salvador.carranza@elevatenextlaw.com

## CERTIFICATE OF SERVICE

I certify that on October 6, 2020, I caused a copy of the attached Plaintiff's Response to Defendants' Motion for Reconsideration to be served upon all counsel of record via the Court's ECF system.

*/s/ Salvador Carranza*
Salvador Carranza
